**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**KEITH D. BREWER,**                                                           **PETITIONER**
ADC # 143434

VS.                       **NO. 5:09-CV-00302-SWW-BD**

**STATE OF ARKANSAS, et al.**                                     **RESPONDENTS**

**RECOMMENDED DISPOSITION**

**I.**  **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**II.     Background:**

Keith D. Brewer, formerly incarcerated in the Cummins Unit of the Arkansas Department of Correction ("ADC"), brought this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry # 2) on September 24, 2009, challenging a detainer lodged against him by a state court in Desoto County, Mississippi. Petitioner filed an amended petition (#6) naming Respondent on September 29, 2009, and filed a supplement to his amended petition (#8) on October 8, 2009. The Court ordered the Amended Petition served on Respondent on October 19, 2009.

In his response (#15), Respondent asserts that the petition should be dismissed as moot. In support of his response, Respondent attached documentation showing that Petitioner was extradited to Desoto County, Mississippi on November 6, 2009. For the reasons that follow, the petition, amended petition and motion for order must be dismissed as moot.

**III.    Mississippi Proceedings:**

On November 14, 2008, a grand jury in the Circuit Court of Desoto County, Mississippi, handed down an indictment against Petitioner charging him with attempting to commit felony shoplifting. On the same day, the district attorney for Desoto County filed a Writ of Capias in the Circuit Court of Desoto County commanding the Sheriff to take Mr. Brewer into custody to answer for the indictment. (#15-3 at pp. 8) On May 11, 2009, Desoto County, Mississippi lodged a detainer against Mr. Brewer.

The next week, on May 18, 2009, the Circuit Court of Hot Spring County, Arkansas, entered an amended judgment and commitment order sentencing Petitioner to sixty months in the Arkansas Department of Correction. (#15-2 at p. 2) The Desoto Count District Attorney filed an application for requisition with the Governor of Mississippi claiming that Mr. Brewer was in the custody of the Arkansas Department of Correction and asking that Mr. Brewer be returned to Desoto County, Mississippi for trial. (#15-3 at pp. 6-7)

On August 25, 2009, the Governor of Mississippi sent the Governor of Arkansas a request for interstate rendition asking that Mr. Brewer be returned to the State of Mississippi for prosecution and service of any sentence that might be imposed. Shortly thereafter, the Governors entered into an executive agreement. and the Governor of Arkansas issued a writ ordering Mr. Brewer returned to Mississippi for trial. (#15-3 at pp. 10-11, #15-4)

On October 8, 2009, Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Lincoln County, Arkansas, challenging his extradition to Mississippi. Petitioner claimed that the extradition violated his "federal and state constitutional rights of due process" because he was not a fugitive. (#15-5 at p. 4) The court held a hearing on the petition on October 23, 2009. On October 30, 2009, the court entered an order finding that Petitioner was a fugitive and ordering the ADC to extradite Petitioner to the

State of Mississippi.  (#15-5 at pp. 1-2)  On November 6, 2009, the ADC released Mr. Brewer on the Mississippi detainer.  (#15-6 at pp. 1-3)

IV.  **Discussion:**

In this petition, Petitioner claims that in December, 2008, he asserted his right to a speedy trial by sending a motion to the Desoto County Circuit Court.  Petitioner claims more than nine months passed after his request for a speedy trial, but that the Desoto County Circuit Court "made no effort in good-faith to secure his presence for trial."  (#3 at p. 3)   Petitioner claims the delay has had a "prejudicial effect against the petitioner's liberty interest."  He also claims the Desoto County Circuit Court has violated his Sixth Amendment right to a speedy trial.  (#3 at p. 4)   Petitioner claims he is entitled to "dismissal of the [attempted shoplifting] charge against him with prejudice" and requests this Court "enter an order dismissing his [Mississippi] detainer with prejudice."  (#2 at p. 3, #3 at p. 4, #6 at p. 3)

Under Article III, § 2, of the United States Constitution, "the exercise of judicial power depends upon the existence of a case or controversy."  *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974).  This means that a petitioner must show that he has suffered, or is threatened with, an actual injury traceable to the defendant which is likely to be redressed by a favorable judicial decision.  *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983 (1998).  If a federal petitioner cannot show an existing case or controversy through all the

4

stages of his litigation, his case becomes moot, depriving the court of its power to act because there is no available remedy, even if the court were disposed to act. *Id*. at 18.

Now that the Petitioner has been transferred to the custody of authorities in Desoto County, Mississippi, pursuant to his extradition, even if the Court were to rule in Petitioner's favor on his claims, such a holding would have no effect. Mr. Brewer is no longer in Respondent's custody, and there is no longer a pending detainer. His claims regarding the detainer are, therefore, moot. See *Beachem v. Schriro*, 141 F.3d 1292, 1293-94 (8th Cir. 1998) (challenge to detainer is moot once detainer removed); *Kearns v. Turner*, 837 F .2d 336, 338 (8th Cir. 1988) (prisoner's challenge to detainer was moot where he had already been transferred and sentenced pursuant to that detainer); see also *Carney v. Clark*, 172 F.3d 52 (7th Cir. 1999) (holding an Interstate Agreement on Detainers Act claim becomes moot when the detainer is executed and the prisoner is extradited).

There is an exception to the mootness doctrine if a claim is "capable of repetition, yet evading review." *Spencer*, 523 U.S. at 17. This exception applies, however, only where "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id*. In this case, there is no expectation that Petitioner will face this same situation again or that, if he does, he will be unable to seek relief. Moreover, Petitioner has not alleged any continuing collateral consequences from the detainer.

5

*Beachem*, 141 F.3d at 1294 (no collateral consequences presumed or demonstrated from removed detainer).[1]

Further, as a state prisoner, Mr. Brewer is subject to the provisions governing 28 U.S.C. § 2254, and, therefore, the district court in which the petition is filed must have personal jurisdiction "upon the person who holds [the petitioner] in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494- 95, 93 S.Ct. 1123 (1973). In *Braden*, an Alabama inmate petitioned the Western District of Kentucky for a writ giving him relief from a Kentucky indictment and interstate detainer lodged against him. The Court upheld the jurisdiction of the Kentucky federal court because petitioner's Alabama custodian was acting "as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer." 410 U.S. at 499- 500. By contrast, in this case, Petitioner alleges that Mississippi officials improperly indicted him. Mississippi, therefore, is not at all indifferent to Petitioner's claim. Therefore, this Court's lack of personal jurisdiction over Petitioner's current custodian requires dismissal of this action.

---

[1] There are other exceptions to the mootness doctrine; however, these exceptions are not applicable to the instant case. See *Hohn v. United States*, 262 F.3d 811, 817 (8th Cir. 2001) (other exceptions are where the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time, or when a case is a properly certified class action suit), vacated on other grounds, 537 U.S. 801 (2002).

## V.     Conclusion

For the foregoing reasons, the Court recommends that the District Court dismiss without prejudice Petitioner's petition for writ of habeas corpus (#2) and amended petition (#6) and deny the motion for order (#11) as moot.

DATED this 23rd day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE